# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN PARK, MICHELLE PARK,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>WELLS FARGO BANK HOME MORTGAGE; FIDELITY NATIONAL TITLE INSURANCE COMPANY; FIRST AMERICAN TITLE INSURANCE COMPANY aka FIRST AMERICAN LOANSTAR SERVICES, LLC; BANK OF AMERICA, N.A.; OLD REPUBLIC TITLE COMPANY; COUNTRYWIDE BANK, FSB; BANK OF AMERICA HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; RECONTRUST COMPANY, N.A.; LSI TITLE COMPANY; DOES 1–100.<br><br>                    Defendants. | CASE NO. 10CV1737 JLS (WMC)<br><br>**ORDER: (1) GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS; (2) GRANTING DEFENDANT COUNTRYWIDE'S MOTION TO DISMISS; (3) DENYING PLAINTIFFS' MOTION TO FILE SURREPLY; AND (4) DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Doc. Nos. 34, 35, 65, & 69.) |

Presently before the Court are three motions and an ex parte application for temporary restraining order. Two motions are to dismiss Plaintiffs' first amended complaint. The first is brought by Wells Fargo Bank, N.A., Bank of America, N.A., and Mortgage Electronic Registration Systems (MERS). (Doc. No. 34 (Wells Fargo Mot.).) The second is brought by Bank of America, N.A., in its capacity as successor to Countrywide Bank, N.A. (Doc. No. 35 (Countrywide Mot.).) LSI Title Co. has joined Countrywide's motion. (*See* Doc. No. 51 (Joinder).) The third motion is Plaintiffs' ex parte motion for leave to file a surreply. (Doc. No.

1  65 (Surreply Mot.)).

2  After consideration, the Court **GRANTS WITH PREJUDICE** the motion to dismiss affecting LSI Title Co. and Bank of America, N.A. in its capacity as successor to Countrywide Bank, N.A.  The Court **GRANTS WITHOUT PREJUDICE** the motion affecting Wells Fargo, Bank of America, and MERS.  The Court also **DENIES** Plaintiffs' ex parte motion to file a surreply.  Additional briefing on the motions to dismiss is unnecessary.  And finally, having dismissed Plaintiffs' first amended complaint, the ex parte application for temporary restraining order depending on it is **DENIED AS MOOT**.

## BACKGROUND

This action arises out of a loan that Plaintiffs obtained from Wells Fargo Bank.  (Doc. No. 32 (FAC) ¶ 3.)  Plaintiffs obtained the loan on November 4, 2005, to refinance real property that they owned in La Mesa, CA.  (*Id.* ¶¶ 3, 57.)  Plaintiffs also secured a home equity line of credit from Countrywide in 2007.  (Countrywide Mot. at 1.)  Foreclosure proceedings were commenced in 2009 after Plaintiffs stopped making payments on the loan.  (Wells Fargo Mot. at 1.)

Plaintiffs filed a complaint in this Court on August 19, 2010.  (Doc. No. 1 (Compl.).)  Defendants filed motions to dismiss.  (Doc. Nos. 23, 25, & 28.)  The Court granted the motions, giving Plaintiffs leave to amend.  (Doc. No. 31 (Order).)

Plaintiffs then filed an amended complaint (FAC), asserting fifteen causes of action: (1) violation of Truth-in-Lending Act (TILA), 15 U.S.C. § 1601; (2) violation of Rosenthal Fair Debt Collections Practice Act, Cal. Civ. Code § 1788; (3) violation of Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. § 1692; (4) wrongful disclosure; (5) violation of Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605; (6) breach of fiduciary duty; (7) fraud (intentional misrepresentation); (8) fraud (negligent misrepresentation); (9) unfair competition under Cal. Bus. & Prof. Code § 17200; (10) breach of contract; (11) breach of implied covenant of good fair and fair dealing; (12) violation of Cal. Civ. Code § 2923.5; (13) violation of Home Ownership and Equity Protection Act (HOEPA), 15 U.S.C. § 1639; (14) rescission; (15) accounting.  (FAC.)  This complaint is the subject of Defendants' present motions.

///

///

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible if the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

///

## ANALYSIS

At the outset, the Court must determine whom Plaintiffs are suing. Nominally, Plaintiffs assert claims "against all Defendants." (*See generally* FAC.) Substantively, however, Plaintiffs' claims do not extend that far. Plaintiffs' asserted causes of action concern only the loan secured in 2005. Countrywide and LSI were involved in the home equity line of credit that Plaintiffs obtained in 2007. (Countrywide Mot. at 2–3; Joinder at 2.) As a result, Plaintiffs cannot state claims against Countrywide and LSI. The Court therefore **GRANTS** those parties' motion to dismiss and **DISMISSES WITH PREJUDICE** Plaintiffs' first amended complaint as to those parties. In the analysis that follows, the Court tests the sufficiency of the claims as against Wells Fargo, Bank of America, and MERS, all of whom were parties to the 2005 loan.

**1.     TILA and HOEPA**

Under TILA and HOEPA, a borrower may rescind a loan or recover damages if the lender fails to disclose certain terms at closing. 15 U.S.C. §§ 1635, 1640. Actions for rescission and damages are subject to respective three- and one-year limitations periods, which begin when the parties consummate the loan. *Id.* §§ 1635(a), 1640(e). The limitations period for rescission claims is absolute; the period for damages claims is not.[1] Thus, as to claims for damages, equitable tolling may apply to "suspend the limitations period until the borrower discovers or ha[s] reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA [or HOEPA] action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

In this case, the parties consummated the loan on November 4, 2005. (FAC ¶ 3.) Plaintiffs did not file their lawsuit until August 2010, at which time the three- and one-year limitations periods had lapsed. (*Id.*) Thus, Plaintiffs' rescission claim is time-barred. The damages claim is also time-barred unless equitable tolling applies.

At the pleading stage, a plaintiff seeking the benefit of equitable tolling must allege facts sufficient to demonstrate that he could not have "discovered the alleged violations by exercising

---

[1] *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411–12 (1998); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002); *Taylor v. Money Store*, 42 Fed. App'x 932, 933 (9th Cir. 2002).

reasonable diligence." *Copeland v. Lehman Bros. Bank, F.S.B.*, 2011 WL 9503, at *6 (S.D. Cal. Jan. 3, 2011); *accord Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). In this case, Plaintiffs insist the limitations period should be tolled until August 11, 2010, because only then did Defendants "provide[] Plaintiffs with copies of their original loan documents." (FAC ¶ 41.) But this allegation only solves part of the equation; it establishes the time and manner of discovery, but it does not answer why Plaintiffs could not have discovered the violations at an earlier time. Without more, Plaintiffs have not adequately pleaded equitable tolling.

**2.   FDCPA**

Plaintiffs allege several violations of the FDCPA. (*See* FAC ¶¶ 10, 146, 149–50.) But absent from the FAC is any allegation that Defendants are "debt collectors" within the meaning of the statute. *See* 15 U.S.C. § 1692a. Plaintiffs' bald allegation that Defendants unlawfully collected debt is insufficient on its own because it does not explain away § 1692a(6), which states that the term "debt collector" does not include "any person collecting . . . any debt owed . . . to the extent such activity . . . concerns a debt which was originated by such person." *Id.* § 1692a(6)(F)(ii). As the originating lender of the refinance of the property, Defendant Wells Fargo falls under that statutory exception. Accordingly, Plaintiffs fail to state a claim under the FDCPA.

**3.   RESPA**

Plaintiffs allege that Defendants violated RESPA by (1) not complying with disclosure requirements at closing and (2) not responding to a qualified written request (QWR). (FAC ¶¶ 164–165.) As alleged, these claims fail.

The first allegation is time-barred unless equitable tolling applies. It also fails in substance because RESPA does not provide Plaintiffs with a private right of action for disclosure violations. *See Park v. Wachovia Mortg., F.S.B.*, 2011 WL 98408, at *8 (S.D. Cal. Jan. 12, 2011); *Bloom v. Martin*, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994).

Although the second allegation—the failure to respond to the QWR—is not time-barred, it fails because Plaintiffs have not adequately pleaded actual, statutory, or legal damages. As to actual damages, Plaintiffs have ignored the pleading requirement that a borrower attempting to state a claim for actual damages must allege pecuniary loss. *See Molina v. Wash. Mut. Bank*, 2010

WL 431439, at *7 (S.D. Cal. Jan. 29, 2010). As to statutory damages, Plaintiffs have not provided any facts in support of their allegation that Defendants engaged in a pattern of noncompliance with RESPA. *See* 12 U.S.C. § 2605(f); *see also Lal v. Am. Home Serv., Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). And as to legal damages, Plaintiffs' allegation that they have incurred "costs of suit" is insufficient on its own because "[i]f such were the case, every RESPA suit would inherently have a claim for damages built in." *Lal*, 680 F. Supp. 2d at 1223. More is needed before Plaintiffs can state a valid claim under RESPA.

**4.     State Claims**

Having dismissed the claims underlying this Court's original jurisdiction, *see* FAC at 30, 33, 37, 49, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c).

## CONCLUSION

Before the Court are two motions to dismiss, an ex parte motion for leave to file a surreply, and an ex parte application for temporary restraining order. The Court **GRANTS** LSI Title Co. and Bank of America, N.A.'s (in its capacity as successor to Countrywide Bank, N.A.) motion to dismiss. (Doc. No. 35.) Plaintiffs' first amended complaint is **DISMISSED WITH PREJUDICE** as to those defendants. The Court **GRANTS** the other motion to dismiss and **DISMISSES WITHOUT PREJUDICE** the first amended complaint as to Wells Fargo, Bank of America, and MERS. (Doc. No. 34.) In resolving both motions, the Court did not consider anything beyond the pleadings. Plaintiffs' motion to file a surreply is **DENIED AS MOOT**. (Doc. No. 65.) And finally, having granted the motions to dismiss, the ex parte application for temporary restraining order depending on the FAC is **DENIED AS MOOT**. (Doc. No. 69.)

**IT IS SO ORDERED.**

DATED: March 30, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge