1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9           **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  SEAN M. PARK, MICHELLE PARK,                 CASE NO. 10cv1737-LAB (WMC)
12                            Plaintiffs,        **ORDER GRANTING**
        vs.                                      **DEFENDANTS' MOTION TO**
13                                               **DISMISS**
14  WELLS FARGO BANK HOME
    MORTGAGE, et al.,
15
                              Defendants.
16

17      Sean Park filed this case on August 19, 2010.  His original complaint was 19 pages

18  long and alleged 14 claims against various Defendants.  Since then, and in no particular

19  order, Mr. Park: (1) has been sanctioned  $10,434 for fraudulently removing another case

20  to this Court (See *13231 Sundance v. Cronin*, 11CV477, Dkt. No. 20); (2) has been indicted

21  for perjury, obstruction of justice, and making false statements in connection with that

22  removal (*see United States v. Sean Michael Park*, 12CR494); (3) has called chambers and

23  threatened to report the incomplete docketing of his voluminous pleadings to then-Chief

24  Judge Irma Gonzalez; and (4) has been told by the Ninth Circuit that a petition for a writ of

25  mandamus he filed in this case was frivolous.[1]  (*See* Dkt. No. 89.)

26  _____

27      [1] That petition challenged an order denying Park's motion to disqualify the
    undersigned Judge from presiding over this case. (*See* Dkt. No. 84.)  In that motion, Park
28  argued, frivolously, that the undersigned Judge persuaded Judge Sammartino to recuse
    from this case so that it could be transferred to him. (*See* Dkt. No. 80 at 3–4.)  That claim

Park's complaint in this case has also been dismissed twice, though on both occasions the Court has allowed him to file an amended complaint. (*See* Dkt. Nos. 31, 72.) As a result, the complaint has grown from 19 pages with no supporting documents (Dkt. No. 1), to 64 pages with no supporting documents (Dkt. No. 32), to 100 pages with 185 pages of exhibits. (Dkt. No. 75.) Now before the Court is Defendants' (Wells Fargo, Bank of America, and MERS) motion to dismiss Park's Second Amended Complaint. (Dkt. No. 81.) Park has opposed the motion (with 33 pages of briefing and over 400 pages of exhibits) and Defendants have filed a reply.

Park's opposition to Defendants' motion to dismiss, like his Second Amended Complaint, is barely coherent. Rather than respond to Defendants' arguments directly, it meanders from one grievance to another, and the legal arguments it offers are too conclusory and too divorced from the facts of this case to be very helpful. The brief also harps on points that have no bearing on the Court's adjudication of the actual claims before it. For example, Park repeatedly claims Defendant Wells Fargo is being investigated *and prosecuted* for deceptive lending and foreclosure practices, as if that somehow lends substance to his particular claims. (*See* Opp'n Br. at 7, 13.) Park also accuses Defendants of causing his complaint "to languish in pre-trial," an interesting spin, to say the least, to put on motions to dismiss that the Court found to be meritorious. (*See* Opp'n Br. at 8.)

When Park does defend those particular claims that Defendants aim to dismiss, he does so without any acknowledgment of what Defendants' arguments for dismissal actually are. For example, Park's fifth cause of action alleges that Wells Fargo violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), when it failed to respond to his many Qualified Written Requests. Defendants raise several problems with the cause of action: (1) Park sought an accounting and a reasonable compromise in his QWRs, neither of which are available under the relevant RESPA statute; (2) Wells Fargo *did* respond to his QWRs, as his own allegations and exhibits establish; and (3) Park cannot allege any pecuniary loss that was attributable to the alleged RESPA violation. (Br. at 13–14.) In

is simply false.

response to this, Park: (1) asserts in a completely conclusory manner that he has alleged adequate facts to show that Wells Fargo didn't respond to his QWRs; (2) lays out the general requirements of RESPA, which are not even at issue; and (3) insists that his QWRs were valid because they gave Wells Fargo enough information to identify his account and explain his bases for believing his account was in error, which completely misses Defendants' point.[2]  (Opp'n Br. at 15–16.)

Park also fails to meaningfully respond to Defendants' two arguments for dismissal of his claims under the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practice Act.  Those arguments are that: (1) Park offers no factual allegations as to how Defendants violated the statutes; (2) Defendants are creditors, not debt collectors; and (3) foreclosure activities aren't debt collection activities subject to the FDCPA or RFDCPA.  (Br. at 14.)  Park's feeble response to these arguments is that: (1) Defendants are subject to the Fair Credit Reporting Act, which completely misses the issue; and (2) Wells Fargo, in documents Park doesn't specifically identify, has identified itself as a debt collector and bound itself to the FDCPA.  (Opp'n Br. at 23–24.)  Neither response is actually responsive.  First, it's not particularly relevant what Wells Fargo calls itself in an unknown document.  Park doesn't allege that Wells Fargo acquired his debt after he defaulted on his mortgage payments, and therefore he fails to adequately allege that it is a "debt collector" under the FDCPA.  *See* 15 U.S.C. § 1692(a)(6); *FTC v. Check Investors, Inc.*, 502 F.3d 159, 172–74 (3d Cir. 2007) ("As the court explained in *Schlosser*, '[i]f the one who acquired the debt continues to service it, it is acting much like the original creditor that created the debt.  On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector.'").  Second, this is a foreclosure case, and the caselaw is clear that foreclosure

---

[2] Interestingly, Park doesn't even respond to Defendants' argument that he cannot allege any pecuniary loss attributable to the alleged RESPA violation, even though he does allege in his complaint that he has suffered: (1) negative credit reporting (SAC ¶ 263); (2) attorney's fees of $12,000 (SAC ¶ 264); (3) $40,000 in medical bills related to a nervous breakdown (SAC ¶ 265); and (4) costs associated with ongoing discovery and legal research (SAC ¶ 292).  The Court does not mean to suggest that the above do qualify as "actual damages" under RESPA.  *See* 12 U.S.C. § 2605(f).  It is merely noteworthy that Park doesn't even try to make the argument.

1    isn't the same thing as debt collection under the FDCPA or RFDCPA.  *See Walker v. Equity*

2    *1 Lenders Group*, 2009 WL 1364430 at *7 (S.D. Cal. May 14, 2009).  Mr. Park does not even

3    attempt to rebut these points.

4            The Court has reviewed Park's amended complaint, Defendants' motion to dismiss,

5    and Park's opposition in great detail.  It will not address each of Park's claims, or each of the

6    Defendants' arguments for dismissal, because it finds that Park's arguments are at best

7    misguided and at worst downright frivolous.   It offers the above analysis simply to add

8    substance to that view.  Defendants' motion to dismiss is therefore **GRANTED** in its entirety.

9    There is no argument that Defendants make that Park overcomes.  This case is **DISMISSED**

10   **WITH PREJUDICE**.[3]

11          **IT IS SO ORDERED**.

12   DATED:  February 24, 2012

13

14                                              **HONORABLE LARRY ALAN BURNS**
                                                United States District Judge
15

16

17

18

19

20

21

22
_____
23          [3] Park's motion to strike Defendants' reply brief is also **DENIED**.  The motion is
     frivolous.  The supporting memo simply reincorporates all of Park's grievances against
24   Defendants, adds some new ones, and suggests that the reply brief "contains a
     preponderance of immaterial, impertinent, and scandalous matter." (Dkt. No. 90-1 at 2.) Its
25   only kernel of merit is Park's frustration with Defendants' accusation that he failed to oppose
     the motion to dismiss in its entirety.  In fact, Park's opposition contained so many pages that
26   only a fraction could be physically carried from the office of the Clerk, where they were
     received, to the chambers of the assigned Judge, where they were accepted for filing.  As
27   a result, only a fraction of Park's opposition appeared in the case docket initially.  This was
     promptly corrected by a minute order. (*See* Dkt. No. 88.)  This did not prejudice Park at all,
28   however.  The Court had physical copies of his entire opposition, and he served the same
     on opposing counsel.